# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIO CHAVEZ NAVA, ) | |
|       Plaintiff, ) | Case No. 8:17-cv-158 |
|   v. ) | |
| ) | |
| ELAINE C. DUKE, Secretary, ) | |
| Department of Homeland Security, ) | **PROTECTIVE ORDER** |
| WILLIAM CONNOR, ) | |
| U.S. Citizenship and Immigration ) | |
| Services, Omaha Field Office Director, ) | |
| ) | |
|       Defendants. ) | |

This matter is before the Court on the parties' Joint Motion for Entry of Privacy Act Stipulated Protective Order. ([Filing No. 16](#).) Having reviewed the matter, the motion is granted.

Accordingly,

**IT IS HEREBY ORDERED** that in accordance with the terms of this Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to release to counsel for Plaintiff, and to the Court in this case, discovery containing unredacted identifying information of third-parties, without obtaining prior written consent of third-parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

    1.    The Parties agree that the terms of this Protective Order will govern the entirety of any passport file, alien registration file, any law enforcement report, or any other discovery produced in this action and not subject to any privilege that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that any documents or records to be provided by the federal government contain third-party names, addresses, birth dates, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. The alien's entire alien file, when identified as such when produced to Plaintiff, shall be considered confidential. Counsel for Defendants shall designate all other documents containing confidential information as confidential by placing the words "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

**PROTECTED**
**THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN *CHAVEZ NAVA v. DUKE et al.*, CASE NO. 8:17-cv-158. THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.**

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

   a) Counsel for Plaintiff, Plaintiff, counsel for Defendants, Defendants, and any support staff of such counsel assisting in this action;

   b) The Court and its personnel, including court reporters;

   c) Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order;

      d) Expert witnesses or consultants retained by Plaintiff or Defendants;

      e) The author of the document or the original source of the information; and

      f) Any court and its personnel to which this matter is appealed, in the event of an appeal of this matter.

5. Upon the signing of this Order by the Court, redactions made by counsel for Defendants, if any, to the documents marked "COVERED BY PROTECTIVE ORDER" will not be made for the purpose of protecting the privacy of third-parties who may be identified in the discovered material. Plaintiff reserves the right to file a motion to compel for any redacted information.

6. All persons listed in Paragraph 4(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(b)-(f) above, any confidential information, except as provided in this Protective Order.

7. All persons listed in Paragraphs 4(c) and (d) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order and Agreement to be Bound form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for Plaintiff or counsel for Defendants.

8. Any filings with the Court that contain materials subject to this Protective Order shall be done under seal, unless a release is obtained from the third-party individual to whom the materials pertain, authorizing the disclosure of such information.

9. To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.

10. No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made. Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order.

11. Due to the highly sensitive nature of information regarding third-parties that may be produced by Defendants, such protected documents or information shall not be used to contact or attempt to contact third-parties named in the redacted documents for any purpose, absent the express authorization of the Court.

12. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of

privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

13. Within thirty (30) days of the final conclusion of this litigation, including any appeals, counsel for Plaintiff shall collect all documents produced pursuant to this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Defendants pursuant to the terms of this Protective Order. Alternatively, counsel for Plaintiff shall destroy said documents by shredding them and provide counsel for Defendants with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

14. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

15. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials. Nothing in this agreement shall be construed to restrict in any way the use of any federal records by any federal agency in the ordinary course of business, consistent with applicable statutes and regulations.

16. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

17. Plaintiff may seek written consent authorizing the release of information from his family as it relates to their third-party information (Privacy Act Waiver). Disclosure of information related to a third-party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third-party.

18. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

19. This Order shall be binding upon any present and future party to the *Chavez Nava v. Duke et al.,* No. 8:17-cv-158 (D. Neb.), litigation.

20. This Order shall be effective and enforceable upon its signature by counsel and by the Court.

Dated October 10, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER
## AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nebraska in the case of *Chavez Nava v. Duke et al., Case No. 8:17-cv-158*, and I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Nebraska agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name:_____

Signature: _____